UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

---

IN RE:
WILLIAM H. SWIFT,
        DEBTOR.

Chapter 7
Case No. 10-20364-WCH

---

DONALD LASSMAN,
CHAPTER 7 TRUSTEE,
        PLAINTIFF,

v.

ONEWEST BANK, FSB D/B/A
INDYMAC MORTGAGE SERVICES
AND WILLIAM H. SWIFT,
        DEFENDANTS.

Adversary Proceeding
No. 11-1016

---

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

    The matters before the Court are the "Chapter 7 Trustee's Motion for Summary Judgment" (the "Motion for Summary Judgment") filed by the plaintiff Donald Lassman (the "Trustee"), Chapter 7 trustee of the estate of William H. Swift (the "Debtor"), and the "Response of Defendant Debtor, William H. Swift, to Chapter 7 Trustee's Motion for Summary Judgment and Request for Judgment in His Favor" (the "Cross Motion") filed by the Debtor. The Trustee seeks to avoid a mortgage mistakenly discharged by OneWest Bank, FSB ("OneWest") and preserve it for the estate, while the Debtor opposes. For the reasons set forth below, I will grant the Motion for Summary Judgment and deny the Cross Motion.

1

## II. PROCEDURAL MATTERS

Pursuant to Local Rule 56.1 ("Local Rule 56.1") of the United States District Court for the District of Massachusetts, adopted and made applicable to proceedings in the Bankruptcy Court by Massachusetts Local Bankruptcy Rule ("MLBR") 7056-1, motions for summary judgment must include "a concise statement of material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions, and other documentation."[1] Failure to include such a statement constitutes grounds for denial of the motion.[2] Oppositions to summary judgment must similarly be accompanied by a statement of material facts to which the opposing party contends that there exists a genuine issue to be tried, with supporting references to the record.[3] All referenced documents must be filed as exhibits to the motion or opposition.[4] Material facts set forth in the moving party's statement are deemed admitted for purposes of summary judgment if not controverted by an opposing statement.[5]

The Trustee filed a statement pursuant to Local Rule 56.1, the Statement of Undisputed Material Facts, on July 29, 2011.[6] The Debtor did not file an opposing statement of facts in response. Instead, the Debtor stated in his Response to the Motion for Summary Judgment that he "substantially agrees with the material facts set forth in the Chapter 7 Trustee's concise

---

[1] LR, D. Mass 56.1, adopted and made applicable to proceedings in the Bankruptcy Court by MLBR 7056-1.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Statement of Undisputed Material Facts, Docket No. 37.

2

statement of undisputed material facts, except as may be noted hereafter."[7] In addition to the Debtor's failure to comply with Local Rule 56.1, he did not proceed to clearly identify any material facts with which he disagreed. Accordingly, the facts set forth in the Trustee's Statement of Undisputed Material Facts are deemed admitted for purposes of summary judgment.

### III. BACKGROUND[8]

The Debtor owns real property located at 42 Burden Avenue, in North Attleboro, Massachusetts (the "Real Property").[9] On June 1, 2006, the Debtor granted a mortgage (the "Mortgage") on the Real Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First National Bank of Arizona, to secure a note in the amount of $360,000 (the "Note").[10] On September 7, 2006, MERS erroneously recorded a Discharge of Mortgage (the "Discharge"), dated August 26, 2006, with the Bristol North Registry of Deeds.[11] When the Discharge was recorded, the Note had not been fully paid, and the Debtor continued to make payments after the Discharge.[12] In March 2009, OneWest acquired the Mortgage from MERS.[13] One year later, in April 2010, the Debtor and OneWest entered into an agreement (the

---

[7] Cross-Motion, Docket No. 42 at 1.

[8] I take judicial notice of the docket in the present case, as well as those of related cases before this Court. *See Rodi v. Southern New England School of Law*, 389 F.3d 5, 17-19 (1st Cir. 2004) (citations omitted).

[9] Statement of Undisputed Material Facts, Docket No. 37 at ¶ 3.

[10] *Id.* at ¶ 4.

[11] *Id.*, Exhibit B.

[12] *Id.* at ¶ 7, 10.

[13] *Id.* at ¶ 8.

3

"Modification Agreement") which modified the Mortgage and Note and reiterated the Debtor's obligation to pay the Note in full.[14]

On September 15, 2010, the Debtor recorded a Declaration of Homestead (the "Homestead") with the Bristol North Registry of Deeds.[15] Eight days later, on September 23, 2010, the Debtor filed a voluntary Chapter 7 petition.[16] The Trustee filed a first amended adversary complaint on February 2, 2011, seeking to (i) avoid the Mortgage pursuant to 11 U.S.C. § 544(a)(3), (ii) preserve the avoided Mortgage for the benefit of the estate pursuant to 11 U.S.C. § 551, and (iii) establish the Mortgage's priority over the Debtor's Homestead.[17] After the Defendant filed an answer, the Trustee filed the Motion for Summary Judgment on July 29, 2011.[18] The Defendant filed his Cross Motion on August 18, 2011.[19] OneWest did not file an opposition to the Trustee's Motion for Summary Judgment. After a hearing on September 7, 2011, I took the matter under advisement.

## IV. POSITIONS OF THE PARTIES

### The Debtor

The Debtor contends that the recording of the Discharge, regardless of whether it was recorded in error, extinguished any security interest resulting from the Mortgage.[20] The Debtor further reasons that 11 U.S.C. § 544(a)(3) does not apply, because the Mortgage is a discharged

---

[14] *Id.,* Exhibit C.

[15] *Id.*, Exhibit D.

[16] Chapter 7 Voluntary Petition, Docket No. 1, Case No. 10-2-364-WCH.

[17] Amended Complaint, Docket No. 8.

[18] Mot. For Summ. J., Docket No. 35.

[19] Cross-Motion, Docket No. 42.

[20] Memo. of Law in Support of Resp. to Mot. for Summ. J., Docket No. 42 at 2-3.

4

security interest, rather than an unperfected security interest.[21] Alternatively, the Debtor argues that any attempt by the Trustee to establish priority of the Mortgage over the Homestead constitutes an untimely objection to the Debtor's claimed homestead exemption.[22] Finally, the Debtor argued at the September 7, 2011, hearing that because OneWest has filed an unsecured claim in the case, the Trustee can preserve only an unsecured claim for the estate, which would be subordinate to the Debtor's Homestead.[23]

The Trustee

The Trustee argues that the mistaken Discharge did not affect any obligations between the Debtor and OneWest, but merely caused the Mortgage to become an unperfected security interest.[24] In the alternative, the Trustee argues that even if the Discharge effectively terminated the Mortgage, the later Modification Agreement "ratified and reaffirmed" the Debtor's obligations under the Mortgage.[25] Under either alternative, the Trustee contends that because he has the "rights and powers of . . . a bona fide purchaser of real property" pursuant to 11 U.S.C. § 544(a)(3), he has the power to avoid the Mortgage as an unperfected security interest.[26] The Trustee then seeks to preserve the avoided Mortgage for the benefit of the estate pursuant to 11 U.S.C § 551, and asserts that the estate can retain the full value of the property irrespective of the Debtor's Homestead because the Mortgage was entered into before the Debtor

---

[21] *Id.* at 2.

[22] The Debtor also argues that because the Trustee did not object to entry of the Debtor's bankruptcy discharge, the Debtor should be unaccountable for any "defects" in the Mortgage. Memo of Law in Support of Resp. to Mot. for Summ. J., Docket No. 42 at 2. The import of this argument is unclear.

[23] Trans. September 7, 2011 at 11:6-13.

[24] Mot. for Summ. J., Docket No. 35 at 7.

[25] *Id.*

[26] *Id.* at 6.

5

filed his Homestead.[27] Finally, the Trustee argues that allowing the Debtor to exempt the equity in the Real Property after the Trustee avoided and preserved the Mortgage for the benefit of the estate would be unfair and would contravene the purpose of 11 U.S.C. § 551.[28]

## V. DISCUSSION

### A. The Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[29] "A 'genuine' issue is one supported by such evidence that a 'reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving party."[30] Material facts are those having the potential to affect the outcome of the suit under the applicable law.[31] A genuine issue cannot be established by "conclusory allegations, improbable inferences, and unsupported speculation."[32]

### B. The Trustee's Avoidance Powers under 11 U.S.C. § 544(a)

The "strong arm" clause of 11 U.S.C. § 544(a) gives a trustee various rights and powers, one of which is the power to avoid a transfer by the debtor of an unperfected security interest in real property to the same extent a bona fide purchaser could avoid the transfer, "without regard

---

[27] *Id.* at 8-9.

[28] *Id.* at 10.

[29] Fed. R. Civ. P. 56(a) made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.

[30] *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (*quoting Smith v. F.W. Morse & Co.*, 76 F.3d 413, 427 (1st Cir. 1996)).

[31] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

[32] *Griggs-Ryan v. Smith*, 904 F.2d 112, 116 (1st Cir. 1990) (*quoting Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

6

to the knowledge of the trustee."[33] The phrase "knowledge of the trustee" in § 544(a) has been interpreted to refer to any actual knowledge a trustee possesses regarding the transfer.[34] Accordingly, in the present case, any actual knowledge the Trustee may have had regarding the mistaken nature of the Discharge is irrelevant. On the other hand, a trustee's ability to avoid a transfer is subject to constructive knowledge. Here, however, the recording of the Discharge prevents constructive knowledge of the Mortgage from being attributed to the Trustee.[35]

The Trustee contends that the Discharge rendered the Mortgage an avoidable unperfected security interest. The Debtor responds that 11 U.S.C. § 544 is inapplicable to the present case, claiming that the Mortgage "is not unperfected, but in fact, discharged," and that 11 U.S.C. § 544 only applies to mortgages that are "unperfected or incorrectly recorded and/or erroneously recorded and/or unrecorded."[36] It is undisputed that MERS recorded the Discharge by mistake, as the underlying Note was not paid in full at that time.[37] Indeed, the mistake is evidenced by the Debtor continuing to make his regular payments and executing the Modification Agreement with OneWest, MERS's successor in interest, after the Discharge had been recorded.

Under Massachusetts law, where a discharge of mortgage has been mistakenly recorded, "equity will set the discharge aside and reinstate the mortgage to the position the parties intended

---

[33] *See* 11 U.S.C. § 544(a)(3); *Riley v. Sullivan (In re Sullivan)*, 387 B.R. 353, 357-358 (B.A.P. 1st Cir. 2008) ("the principal function of the 'strong arm' clause [is to] invalidate unperfected security transfers."); *Collins v. Bank of New England-West, N.A. (In re Daylight Dairy Products, Inc.)*, 125 B.R. 1, 3 (Bankr. D. Mass. 1991) (mortgagee mistakenly recorded a discharge of mortgage resulting in the trustee avoiding the mortgage under § 544(a)(3)).

[34] *Sandy Ridge Oil Co. v. Centerre Bank Nat'l Assoc. (In re Sandy Ridge Oil Co.)*, 807 F.2d 1332, 1335 (7th Cir. 1986) ("The natural interpretation of this language is that the actual knowledge of the encumbrance will never prohibit a trustee from invoking § 544(a)(3).").

[35] *In re Daylight Dairy Products, Inc.*, 125 B.R. at 3.

[36] Memo. of Law in Support of Resp. to Mot. for Summ. J., Docket No. 42 at 2.

[37] Statement of Undisputed Material Facts, Docket No. 37 at ¶ 7. 10; *See supra* Part II.

7

it to occupy, where the rights of intervening lienholders have not been affected."[38] Here, there are no intervening lienholders. Therefore, as a result of the erroneous Discharge, OneWest holds an equitable claim for reinstatement of the Mortgage, which I find is akin to an unperfected security interest that could be avoided by a hypothetical bona fide purchaser.[39] As a result, the Trustee may avoid the Mortgage pursuant to 11 U.S.C. § 544(a)(3).[40]

The Debtor cites *NationsBanc Mortg. Corp. v. Eisenhauer*[41] for the proposition that even if a discharge of mortgage is recorded in error, a court need not uphold the mortgage's validity and may treat the underlying debt as unsecured.[42] While the *NationsBanc* court denied the validity of a discharged mortgage, it reached that result because there was insufficient evidence to satisfy the mortgagee's burden of proving that the discharge was recorded in error.[43] In fact, the *NationsBanc* court reiterated the general rule espoused in *North Easton Co-op Bank*[44], that where a mortgage has been discharged by mistake, the discharge will be set aside.[45]

---

[38] *North Easton Co-op. Bank v. MacLean*, 15 N.E.2d 241, 245 (Mass. 1938). *See also In re Daylight Dairy Products, Inc.*, 125 B.R. at 2-3.

[39] *See, e.g., In re Daylight Dairy Products, Inc.*, 125 B.R. at 4-5.

[40] *See* Mass. Gen. Laws. Ch. 183, § 4; *Tramontozzi v. D'Amicis*, 183 N.E.2d 295, 297 (Mass. 1962); *In re Sullivan*, 387 B.R. at 358 ("In Massachusetts, a mortgagee is given a lien to secure the performance of an obligation or the payment of money, and while an unrecorded mortgage is unenforceable as against third parties, the lien remains valid between the mortgagee and the mortgagor.").

[41] *NationsBanc Mortg. Corp. v. Eisenhauer*, 733 N.E.2d 557 (Mass. App. Ct. 2000).

[42] Memo. of Law in Support of Resp. to Mot. for Summ. J., Docket No. 42 at 2.

[43] *NationsBanc Mortg. Corp. v. Eisenhauer*, 733 N.E.2d at 562.

[44] *North Easton Co-op. Bank v. MacLean*, 15 N.E.2d at 245.

[45] *NationsBanc Mortg. Corp. v. Eisenhauer*, 733 N.E.2d at 560.

C. Preservation of the Avoided Mortgage for the Estate Pursuant to 11 U.S.C. § 551

Section 551 of the Bankruptcy Code automatically preserves for the benefit of the estate any transfer avoided under 11 U.S.C. § 544.[46] The purpose of 11 U.S.C. § 551 is to allow a trustee to preserve the avoided interest for the estate so that junior interest holders do not benefit from the avoidance to the detriment of the estate and its creditors. Preservation of the avoided interest "simply puts the estate in the shoes of the creditor whose lien is avoided. It does nothing to enhance or detract from the rights of that creditor viz-a-viz other creditors."[47]

The facts of the present case are similar to those of *Daylight Dairy Products, Inc. v. Bank of New England-West, N.A.*[48] In *Daylight Dairy*, Bank of New England-West unintentionally executed and recorded a discharge of a mortgage on the debtor's property through clerical error.[49] Later, a second mortgagee, Agri-Mark, obtained a mortgage on the debtor's same property.[50] The trustee "join[ed] forces" with Agri-Mark against Bank of New England-West in an effort to avoid the mistakenly discharged mortgage and share any benefit of avoidance.[51] The *Daylight Dairy* court found that the trustee could avoid the mortgage and permitted preservation of the mortgage for the benefit of the estate pursuant to 11 U.S.C. § 551.[52] The court reasoned that while general equitable principles would entitle the bank to reinstatement of its mortgage, 11 U.S.C. § 544 gave the trustee the power to avoid the mortgage because the mistaken

---

[46] 11 U.S.C. § 551.

[47] *Carvell v. Bank One, Lafayette, N.A. (In re Carvell)*, 222 B.R. 178, 180 (B.A.P. 1st Cir. 1998) (internal parentheses omitted).

[48] *In re Daylight Dairy Products, Inc.*, 125 B.R. at 1.

[49] *Id.* at 2.

[50] *Id.*

[51] *Id.*

[52] *Id.* at 4-5.

9

discharge had rendered the mortgage an unperfected security interest. In the present case, the Trustee automatically steps into the shoes of OneWest, a secured creditor with a mortgage avoided under 11 U.S.C. § 544(a)(3).[53]

The Debtor argues that the holding of *Daylight Dairy* is inapplicable here, because in *Daylight Dairy* the debtor was a corporation in a Chapter 11 case, while here the Debtor is an individual in a Chapter 7 case.[54] However, 11 U.S.C. § 103(a) states that Chapter 5 of Title 11 applies in both Chapter 7 and Chapter 11 cases. Further, the statutory language of neither 11 U.S.C. § 544 nor 11 U.S.C. § 551 suggests that either should be applied differently in Chapter 11 and Chapter 7 cases. While the Debtor is correct in pointing out that individuals in Chapter 7 are entitled to exemptions and that corporations in Chapter 11 are not, this distinction has no bearing on avoidability under 11 U.S.C. § 544 or preservation under 11 U.S.C. § 551.[55]

Having determined that the Mortgage may be preserved for the benefit of the estate, I now turn to the issue of the Debtor's Homestead. The Bankruptcy Code allows individual debtors to exempt certain property, including a residence, from property of the estate.[56] In Massachusetts, however, a debtor's homestead exemption is not effective against a mortgagee where the mortgage in question was executed before the debtor recorded a declaration of homestead.[57] Here, the Mortgage was executed on June 1, 2006, while the Homestead was

---

[53] The Debtor suggested at oral argument that because OneWest filed proof of claim as an unsecured creditor, the Trustee is not entitled to preserve a secured claim for the estate. The Debtor is incorrect – OneWest's proof of claim is irrelevant to determining the Trustee's secured status. *See In re Sullivan*, 387 B.R. at 359 (where a trustee successfully avoided a mortgage and preserved it for the benefit of the estate and the original mortgagee filed proof of claim as an unsecured creditor, the trustee still retained secured status).

[54] Memo. of Law in Support of Resp. to Mot. for Summ. J., Docket No. 42 at 2.

[55] *Id.*

[56] 11 U.S.C. § 522(b).

[57] Mass. Gen. Laws ch. 188, §§ 8, 9; *In re Sullivan*, 387 B.R. at 359; *In re Guido*, 344 B.R. 193, 198 (Bankr. D. Mass. 2006).

recorded on September 15, 2010.[58] Accordingly, the Homestead was subordinate to the Mortgage at the time of the Debtor's filing. The fact that the Trustee subsequently avoided the Mortgage and preserved it for the estate does not change their relative priority. Again, preservation of an avoided lien "puts the estate in the shoes of the creditor whose lien is avoided. It does nothing to . . . detract from the rights of that creditor viz-a-viz other creditors."[59] Because OneWest's interest in the Mortgage had priority over the Homestead, the Trustee's interest in the avoided Mortgage has priority as well.

The Debtor argues that the Trustee's attempt to establish the Mortgage's priority over the Homestead constitutes an untimely objection to the exemption, and thus should be summarily denied.[60] There is, however, a distinction between an objection to the Debtor's entitlement to a homestead exemption, which the Trustee does not contest, and an attempt to establish the Mortgage's priority over the Homestead.[61] Although the Trustee's action may prevent the Debtor from enjoying the full amount of his exemption, the Trustee is not objecting to the Debtor's claim of an exemption. Rather, the Trustee is merely enforcing OneWest's rights as a prior lienholder against the Debtor, as he is entitled to do pursuant to 11 U.S.C. § 551.

The Trustee correctly asserts that it would be improper to allow the Debtor to gain the equity in the Real Property after the Trustee has avoided the Mortgage.[62] Section 522(g) of the Bankruptcy Code limits a debtor's ability to exempt property recovered by a trustee to

---

[58] Statement of Undisputed Material Facts, Docket No. 37 at ¶ 3, Exhibit D.

[59] *In re Carvel*, 222 B.R. at 180 (internal parentheses omitted).

[60] Memo. of Law in Support of Resp. to Mot. for Summ. J., Docket No. 42 at 2-3.

[61] *In re Sullivan*, 387 B.R. at 356 (distinguishing between an objection to a claim of homestead exemption and an attempt to enforce the rights of a mortgagee with a prior lien).

[62] Mot. for Summ. J., Docket No. 35 at 10.

involuntary transfers.[63]  Here, the Debtor entered into the Mortgage voluntarily.  To allow the Debtor to exempt the Real Property "would be an illogical result, considering that outside of bankruptcy, as between the mortgagee and mortgagor, . . . [the] unrecorded mortgage would have been satisfied before the Debtor could have received any funds."[64]  Therefore, I find that the Trustee, rather than the Debtor, is entitled to the equity in the Real Property.

## VI. CONCLUSION

In light of the foregoing, I will enter an order granting the Motion for Summary Judgment, and denying the Debtor's Cross Motion for Summary Judgment.

William C. Hillman
United States Bankruptcy Judge

Dated: October 7, 2011

Counsel Appearing:

    Kerri L. Wintle, Ryan M. MacDonald, Murtha Cullina LLP, Boston, MA,
        for the Donald Lassman, the Chapter 7 trustee
    Stephen A. Lechter, Law Office of Stephen A. Lechter, Attleboro, MA,
        for William H. Swift, the Debtor

---

[63] 11 U.S.C. § 522(g)(1)(A) ("[n]otwithstanding . . . § 551, the debtor may exempt . . . property that the trustee recovers . . . (1)(A) if such transfer was not a voluntary transfer of such property by the debtor."); *In re Sullivan*, 387 B.R. at 359; *In re Guido*, 344 B.R. at 197; *See Kaler v. Letcher (In re Wegner)*, 210 B.R. 799, 802 (Bankr. D. N.D.) (a mortgage voluntarily entered into by the debtor and subsequently preserved for the estate under 11 U.S.C. § 551 could not be exempted).

[64] *In re Sullivan*, 387 B.R. at 359.